**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10178 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00200-WHO-1 |
| v. | |
| DARRELL LUCKETT, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted June 14, 2018**
San Francisco, California

Before: SCHROEDER and GOULD, Circuit Judges, and DU,*** District Judge.

Defendant-Appellant Darrell Luckett, Jr., appeals the denial of his motion to

suppress evidence discovered during a search and seizure on a public street in San

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Miranda M. Du, United States District Judge for the District of Nevada, sitting by designation.

Francisco, alleging that he was stopped without reasonable suspicion of criminal activity in violation of the Fourth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Courts "must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18 (1981)). Even though a particular observation may have an innocuous explanation when viewed in isolation, or may be less probative than other observations, the reasonable suspicion evaluation "cannot be done in the abstract by divorcing factors from their context in the stop at issue." *United States v. Valdes-Vega*, 738 F.3d 1074, 1078–79 (9th Cir. 2013) (en banc).

Furthermore, while rulings on motions to suppress and whether reasonable suspicion existed are subject to *de novo* review, "a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas v. United States*, 517 U.S. 690, 699 (1996). As a result, the *de novo* review is peculiar and "slightly more circumscribed than usual" in light of the deference to those inferences. *Valdes-Vega*, 738 F.3d at 1077.

The district court found the officers in this case had reasonable suspicion that

Luckett was engaged in criminal activity based on the confluence of three factors: (1) Luckett's presence in a high-crime area; (2) one of the officer's knowledge of Luckett's criminal history; and (3) Luckett's nervous and evasive behavior.

Regarding the first factor, the district court's finding that the area was high-crime constitutes a finding of fact that must be reviewed for clear error. "A finding of fact is clearly erroneous only when, although there is evidence in the record to support it, the court of appeals is left with the 'definite and firm conviction' that a mistake has been committed." *Gay v. Waiters' & Dairy Lunchmen's Union, Local No. 30*, 694 F.2d 531, 539 (9th Cir. 1982) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). This Court has not been left with such a conviction because the government offered specific evidence showing that the area was a high-crime area, and Luckett's evidence to the contrary was insufficiently granular to rebut the government's specific evidence. There is no clear error.

Regarding the second factor, criminal history is part of the totality of circumstances officers may consider in their reasonable suspicion calculus, though criminal history alone cannot establish reasonable suspicion. *See United States v. Cotterman*, 709 F.3d 952, 968 (9th Cir. 2013). In addition, it is reasonable for an officer to suspect that a person dealing in illegal drugs may be armed. *See United States v. Davis*, 530 F.3d 1069, 1082–83 (9th Cir. 2008). And while illicit drug use

alone does not support such an inference, *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1022 (9th Cir. 2009), one of the officers was aware of Luckett's multiple criminal convictions, including an arrest for carrying a loaded firearm. It was therefore reasonable for that officer to suspect that Luckett was engaged in criminal activity. Moreover, that officer's suspicion arose from additional considerations—Luckett's nervous behavior and Luckett's presence in a high-crime area. In context, Luckett's criminal history was probative.

Regarding the third factor, the government argued that each of Luckett's behaviors, taken together, constituted out-of-the-ordinary behavior in the eyes of the officer, who had multiple prior interactions with Luckett. This Court must defer to inferences drawn by officers on the scene. *Valdes-Vega*, 738 F.3d at 1077. Accordingly, the Court finds that Luckett's nervous and evasive behavior may be considered as part of the totality of the circumstances.

Giving due weight to the factual inferences of the district court and the officers on the scene, we agree that the above three factors, viewed in the aggregate, "sufficed to form a particularized and objective basis" for reasonable suspicion, even though "each of these factors alone is susceptible of innocent explanation, and some factors are more probative than others." *Arvizu*, 534 U.S. at 277–78.

**AFFIRMED.**